## Case No. 6,943.

### HUS v. KEMPF.

[10 Ben. 231.] [1]

District Court, S. D. New York.  Jan., 1879.

FREIGHT—BILL OF LADING — MASTER—POWER OF AGENT—TENDER.

1. The master of a vessel filed a libel against the consignee of 97 casks of wine to recover freight for bringing them from Rotterdam to New York. The consignee set up in defence that seven of the casks were broken by reason of bad stowage, and their contents, to a greater value than the freight, lost; and he also set up a tender of performance of an agreement to settle the claim for the face of the bill of freight without interest. It appeared that the respondent ordered the wine of his correspondents at Neustadt, in Bavaria, to be shipped by first steamer. They sent it to Rotterdam, to brokers there to be shipped, and the brokers shipped it by the steamer of which the libellant was master, and took a bill of lading which excepted "insufficiency of package, leakage, breakage and perils of the sea." There was proof of good stowage of the casks, and that the vessel met with heavy weather, during which a noise was heard below, and on the hatches being opened, several of the casks were found broken. The respondent objected that the master could not sue for the freight in his own name: *Held*, that, as the answer admitted that the contract was made with the master, no objection to his right to sue could be made.

2. The brokers who were employed were authorized to bind the respondent to the usual stipulations limiting the carrier's liability, and the bill of lading was the usual form used by that line of steamers.

3. On the evidence, the breakage of the casks was due to perils of the sea or imperfection of the package.

4. There was no proof of an accord and satisfaction which would have discharged the claim for freight.

5. The tender, made after suit brought, could not avail the respondent, as it did not include interest and costs, and the money had not been deposited in court, as required by the rules of the court.

6. The libellant was entitled to a decree for the amount of the freight.

[This was a libel for freight by Jacob Hus against Oscar Kempf.]

Butler, Stillman & Hubbard, for libellant.
C. B. Ripley, for respondent.

CHOATE, District Judge. This is a libel in personam, for freight according to bill of lading, on 97 casks of wine. The defence is that seven of the casks were broken by reason of bad stowage, and their contents, of value exceeding the freight, lost; and secondly, tender of the performance of an

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

alleged agreement between the parties to settle the claim for the face of the bill of freight without interest.

The wine was ordered by the respondent of his correspondents at Neustadt, Bavaria, to be shipped by the first steamer. In pursuance of this order, his correspondents sent it to Rotterdam, to brokers there, with instructions to ship it by the first steamer for New York. The brokers shipped it by the Rotterdam, a steamer running in a regular line between that port and New York, the libellant being her master, and took a bill of lading which acknowledged the receipt of the wine "in good order and condition," "weight, measure, gauge, quality, condition, quantity, brand, contents and value unknown." It excepted, among other things, "insufficiency of package," "leakage," "breakage," "wastage" and "perils of the sea." The form used was a printed blank, which was proved to have been the form of bill of lading used by said line. It appeared that for eight years the respondent had been in the business of importing wines into the United States; that he had received them by this or other lines of steamers. Neither he nor his correspondents gave any special instructions as to the mode of shipment, nor as to a bill of lading or its form, except as above stated. It is objected that the brokers at Rotterdam had no authority to enter into the contract contained in this bill of lading with the master on respondent's account, and that therefore the ship and master were liable, generally, as carriers by water. This position cannot be sustained. The brokers were authorized to bind the respondent to the usual stipulations limiting the carrier's liability. It is objected that the libellant is not the party in interest and cannot sue for the freight in his own name. This objection is not open under the answer. The answer expressly admits that the contract of carriage was a contract with the libellant. The defence that the wine in the injured casks was lost by reason of bad stowage is not sustained. The bill of lading admits that the casks were received in good outward condition. There was no evidence as to their contents at the time of shipment. All that appears is that they left Neustadt filled and in good order, and that they were good and strong casks. No witness is called who saw them at Rotterdam, except the mate of the vessel, and he testified that they were well stowed on the vessel. The vessel had a very long and very rough passage. She lost spars and men. The second mate was washed from the bridge eight or nine feet above the deck. During a tempest a noise was heard below, and when the hatches were opened, several of the casks were found to have been broken. There is some testimony of experts here that the injury to the casks was, in their opinion, caused by improper stowage; but upon the whole evidence, I think it is more probably to be

attributed to the perils of the sea, or some defect in one or more of the casks. The libellant does not sustain the burden of proof which is upon him under this bill of lading. Vaughan v. 630 Casks of Sherry Wine [Case No. 16,900]. The tender made by respondent after suit brought cannot avail him as a tender, because it was insufficient in amount, not including interest and costs to that time, and because it was not made good by depositing the money in court according to the rules of this court. Nor is there evidence of an accord and satisfaction, which would have discharged the obligation for freight, nor of a new agreement between the parties discharging the old tender of performance. There seems not to have been an entire agreement as to the terms of a compromise.

Decree for libellant for the full amount of freight, with interest from March 3d, 1873, to be determined by a reference, the parties not agreeing as to the amount, and costs.

[Both parties subsequently excepted to the report of the commissioner to whom the matter was referred. Case No. 6,944.]